**SO ORDERED: December 12, 2006.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ONESTAR LONG DISTANCE, INC., | ) | Case No. 03-72697 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ELLIOTT D. LEVIN in his capacity as | ) | |
| Chapter 7 Trustee for ONESTAR LONG | ) | |
| DISTANCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 05-7061 |
| | ) | |
| MCI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S APPLICATION FOR ENTRY
OF DEFAULT JUDGMENT AGAINST MCI, INC.**

This matter comes before the Court on the Trustee's **Application for the Entry of Default Judgment Against MCI, Inc.**, the MCI's **Response of MCI, Inc., to Application for Entry of Default Judgment**, and the briefs submitted by both parties following the unsuccessful Court-

ordered mediation. The limited issue before the Court is whether to grant the Trustee's application for default judgment against MCI, or allow MCI to file its answer late.

The Trustee filed his complaint with the Court on August 16, 2005, seeking the avoidance and recovery of certain pre-petition and post-petition transfers by OneStar to MCI totaling $2,571,858.02. On September 1, 2005, the Court issued an alias summons, and on September 6, 2005, counsel for the Trustee served the complaint and alias summons on MCI. MCI did not respond to the complaint by October 3, 2005, the date by which it was required to respond pursuant to Federal Rule of Bankruptcy Procedure 7012. The Trustee filed and served his Application for Entry of Default by Clerk Against MCI, Inc. On October 27, 2005. On December 8, 2005, the Trustee filed the Default Judgment Application. On December 19, 2005, MCI filed its Notice of Bankruptcy and Suggestion of Discharge and Plan Injunction. On January 30, 2006, MCI filed its Response of MCI, Inc., to Application for Entry of Default Judgment. After the Court ordered the parties to mediate the matter, the mediator, David H. Kleiman reported to the Court that the mediation did not result in a settlement, and the parties filed their post-mediation briefs.

The Trustee's argument that he is entitled to a default judgment against MCI is straight forward: MCI responded to the Trustee's complaint many months after the statutory period to do so expired, and when it did so, its response did not constitute an answer as required under the Federal Ruled of Civil Procedure. MCI's argues that 1) the claims asserted by the Trustee in his complaint were discharged in MCI's bankruptcy and any action on those claims was permanently enjoined by the order confirming its plan of reorganization; and 2) regardless of this Court's take on the effect of MCI's bankruptcy vis-a-vis the Trustee's complaint, MCI's failure to timely respond to the complaint should be excused and the Trustee's application denied due to the extraordinary

circumstances surrounding its emergence from bankruptcy court protection and transition into a merger with Verizon.

While the Trustee is correct that default judgments are generally not disfavored in the Seventh Circuit, *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993), it remains within this Court's discretion to deny a motion for entry of a default judgment. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983) (stating that "The grant or denial of a motion for entry of a default judgment lies within the sound discretion of the ... court...."). After reviewing all of the parties' arguments and the cases cited in support thereof, the Court finds that MCI's failure to timely respond to the Trustee's complaint was inadvertent. The circumstances here are exceptional and the matter is further complicated by the possible effect of MCI's own bankruptcy on the status of the Trustee's claim. The Court is not inclined to enter judgment on a potentially discharged claim of more than $2.5 million until the parties have had a full opportunity to brief and be heard on those matters.

Accordingly, the Court finds that the Trustee's Application for the Entry of Default Judgment Against MCI, Inc., should be, and hereby is **DENIED**.

MCI is **ORDERED** to file its answer within five days of the date of this order.

**SO ORDERED**.

###

Distribution:
Counsel for the Chapter 7 Trustee
Counsel for the Defendant